**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VENUS HEARD,

    Plaintiff,

v.                                      Case No. 05-CV-71712-DT

SBC AMERITECH CORPORATION,

    Defendant.
                                            /

**ORDER GRANTING DEFENDANT'S "MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)"
AND
DENYING PLAINTIFF'S "MOTION TO AMEND COMPLAINT . . ."**

       This employment litigation comes before the court on Defendant SBC Ameritech Corporation's ("SBC's") May 24, 2005 "Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)." Plaintiff failed to file a timely response to Defendant's motion as required by E.D. Mich. LR 7.1(b) & 7.1(d)(1)(B).[1] The court, however, granted Plaintiff's June 21 "Motion to Extend Time to Respond to Defendant's Motion . . .," and Plaintiff filed her written response on June 28, 2005.

       In her response to Defendant's dispositive motion, Plaintiff conceded that the law entitled Defendant to summary judgment on Count I and Count II of her complaint, but moved for leave to amend her complaint to add a new claim of promissory or equitable estoppel based on Defendant's internal leave processing practices and procedures. (Pl.'s 06/28/05 Resp. at 1.) On July 7, 2004, Defendant filed its reply in support of its

---

[1] The motion was filed May 24, 2005, and a response was due not later than June 14, 2005. E.D. Mich. LR 7.1(d)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion.")

dispositive motion along with its response to Plaintiff's "add-on" motion for leave to amend her complaint.[2] Plaintiff has not filed a reply in support of her motion to amend. The court concludes that a hearing on these motions is not required, see E.D. Mich. LR 7.1(e)(2), and, for the reasons set forth below, the court will grant Defendant's motion and deny Plaintiff's motion to amend.

## I. BACKGROUND

Plaintiff Venus Heard, a former employee of Defendant SBC, filed her first amended complaint in this action on May 5, 2005. Plaintiff sued her former employer alleging two counts under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. In count one, Plaintiff alleges violation of her substantive FMLA rights based on Defendant's denying her qualified FMLA leave from October 29 through November 1, 2002. See 29 U.S.C. § 2615(a)(1);(Pl.'s Amend. Compl. at ¶ 22.) Plaintiff claims that had Defendant granted her FMLA leave for these missed days, she would not have been subject to discharge in April 2003 for cumulative attendance violations. (Pl.'s Amend. Compl. at ¶ 20.) In count two, Plaintiff alleges that Defendant's decision to end her employment "was in retaliation for [her] legitimate claims for FMLA leave." 29 U.S.C. § 2615(a)(2);(Pl.'s Amend. Compl. at ¶ 25.)

Before her discharge on April 29, 2003, Plaintiff worked for Defendant as a Sales Representative in SBC's Collection Department. (Pl.'s Amend. Compl. at ¶¶ 5, 20.) Her job duties included "doing collections, arranging payment plans for low-income

---

[2] The submission of a response to a motion that also brings another motion creates confusion on the docket and is inappropriate. The appropriate and less confusing course of action is to file the motion and response separately.

2

customers, dispatching repair crews, signing up new customers and providing general information on the telephone." (*Id.* at ¶ 6.)

In its motion, Defendant does not dispute that both Plaintiff and her son suffered from severe, chronic, intermittent asthma, and that Plaintiff "often had to be absent or tardy," invoking FMLA leave. (*Id.* at ¶¶ 8-9.) Plaintiff also avers that she never exceed her twelve weeks of FMLA per year as permitted by the statute.

Plaintiff's current claims stem from her April 29, 2003 discharge for surpassing her allowable attendance infractions. According to Plaintiff, on Tuesday, October 29, 2002, her son experienced a severe asthmatic attack, requiring emergency hospitalization. (*Id.* at ¶ 10.) Her son was released from the hospital on Thursday, October 31, 2002, but could not return to school until Monday November 4, 2002. (*Id.* at ¶ 11.) As such, Plaintiff missed four days of work, October 29, 30, 31 and November 1, 2002. (*See id.* at ¶¶ 11-12.)

Plaintiff telephoned her supervisor and requested FMLA leave to cover these four days and Defendant provided her with a medical certification form to take to her son's treating physician to fill out, certifying her son's medical condition during the relevant days. (*Id.* at ¶ 12.) The form was to be returned to Defendant by fax within fifteen days. (*See id.*)

Plaintiff states that she timely provided the form to her son's doctor's nurse "who, unknown to Plaintiff, placed it in Plaintiff's son's medical file[,] but forgot to [fax] it to the Defendant." (*Id.* at ¶ 13.) Plaintiff alleges that "contrary to FMLA regulations, she did not receive notice [from Defendant,] advising her that [her] medical certification was insufficient or missing and providing a reasonable time, not less than 15 days, to

3

produce a sufficient certification.  (*Id.* at ¶ 14.)  She maintains that she first learned that Defendant never received the medical certification form from her son's doctor on March 21, 2003 when she received from Defendant a "final denial" letter regarding her request for FMLA leave.  (*Id.* at ¶ 16.)  She avers that she was otherwise entitled to FMLA for the days in question and that Defendant subsequently refused to re-open her request for FMLA leave, despite her later attempts to prove that the physician's office neglected to provide the certification timely and that her absences qualified for FMLA leave.  (*See id.* at ¶¶ 17-19.)

After being tardy on April 28, 2003, Plaintiff exceeded her allowable attendance infractions and was terminated for cumulative attendance violations under Defendant's employment policies.  She alleges that, had Defendant granted her FMLA leave request for the four days in question, she would not have exceeded her allowable attendance infractions and, consequently, would not have been fired.

Defendant argues that Plaintiff fails to state a claim upon which relief can be granted because the alleged violations of the FMLA by Defendant are all related to Defendant's failure to provide her notice that it never received the medical certification form.  Plaintiff's claims turn on her allegation that SBC never informed her that it had not received the certification form from Plaintiff's son's physician, nor provided her with additional time, of at least 15 days, to cure this deficiency.  Defendant acknowledges its duty under FMLA regulations, *see* 29 C.F.R. § 825.305(d), to provide notice and a reasonable opportunity to cure (at least 15 days) for an employee who submits *incomplete or insufficient* medical certification, but argues that this regulation does not apply where Plaintiff submits *no* medical certification.

4

Because the alleged failure to provide notice of the missing certification is the only basis for the claims contained in her complaint, Defendant argues that Plaintiff fails to state a claim for relief under the FMLA. (*See* Def.'s Mot. at ¶¶ 9-10.) In short, Defendant argues that non-existent medical certification is not "incomplete" medical certification as described by the regulation. To support its argument, Defendant relies principally on *Urban v. Dolgencorp of Tex., Inc.*, 393 F.3d 572 (5th Cir. 2004).

## II.  STANDARD

Despite referring to its motion as a one for "summary judgment" (governed by Federal Rule of Civil Procedure 56), Defendant relies on Federal Rule of Civil Procedure 12(b)(6) in seeking relief. Accordingly, the court construes the motion as seeking dismissal for failure to state a claim under Rule 12.[3]

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). A motion to dismiss may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Pratt v. Ventas, Inc.,* 365 F.3d 514, 519 (6th Cir. 2004) (internal quotation marks and citation omitted). When an allegation is capable of more than one inference,

---

[3] The same result would obtain under Rule 56 as Plaintiff has not presented evidence that would create a material issue of fact and the analysis of the FMLA claims turns on a question of law for the court.

it must be construed in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review requires more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *Johnson v. City of Detroit*, 319 F. Supp. 2d 756, 759-60 (E.D. Mich. 2004).

"In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III.  DISCUSSION

### A.  Plaintiff's FMLA Claims

The FMLA entitles an eligible employee to as many as twelve weeks of leave during a twelve-month period if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  The statute defines  "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."  *Id.* at § 2611(11).  An employee seeking to use his FMLA leave must notify the employer that FMLA-qualifying leave is needed.  *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400 (6th Cir. 2003); *Chandler v. Specialty Tires of Am.*, 283 F.3d 818, 827 (6th Cir. 2002).  The FMLA also gives the Secretary of Labor notice and comment rule-making authority and directs the Secretary to issue regulations "necessary to carry out" the Act.  29 U.S.C. § 2654; *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 86 (2002).

The Sixth Circuit recognizes two distinct theories for recovery under the FMLA: (1) the "entitlement" or "interference" theory arising from 29 U.S.C. § 2615(a)(1); and (2) the "retaliation" or "discrimination" theory arising from 29 U.S.C. § 2615(a)(2).  *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004).  As the Sixth Circuit has stated, "[t]he [FMLA] creates 'prescriptive and proscriptive employee rights.'"  *Taylor v. Union Inst.*, 30 Fed.Appx. 443, 2002 WL 252443, at *7 (6th Cir. Feb. 19, 2002) (unpublished opinion) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir. 1998)).

7

At its option, an employer may require an employee requesting FMLA leave to submit medical certification supporting the request. 29 U.S.C. § 2613(a) ("[a]n employer may require that a request for leave . . . be supported by a certification issued by the health care provider of the eligible employee"); *Hoffman v. Professional Med. Team*, 394 F.3d 414, 418 (6th Cir. 2005). If an employer requires medical certification, it must provide the employee at least 15 calendar days to submit this information and it must notify the employee of the consequences for failing to provide adequate certification. 29 C.F.R. §§ 825.301(b)(1) & 825.305(b); *Rager v. Behring*, 210 F.3d 776, 777 (7th Cir. 2000). As the court in *Rager* summarized:

> The employer may require certification from the employee's physician (or other health care provider) that the employee indeed has such a condition, 29 U.S.C. § 2613(a), but if he does so he must (if the health condition was unforeseeable) give the employee at least 15 calendar days in which to submit it. 29 C.F.R. § 825.305. (The employer can fix a more generous deadline if he wants, 29 U.S.C. § 2613; 29 C.F.R. § 825.305(b)--can, indeed, if he wants, dispense with the requirement altogether. See *Thorson v. Gemini, Inc.*, 205 F.3d 370, 380-81 (8th Cir. 2000).) Although the regulations contain a sample certification form, 29 C.F.R. Part 825 App. B, they do not require the employer to use it; but the employer is required to notify the employee promptly and in writing of the 15 day deadline and the consequences of not complying with it. §§ 825.301, .305.

*Rager*, 210 F.3d at 777.

It is also clear that if an employer finds the certification provided by the employee incomplete, the employer must advise the employee of the deficiency and provide a reasonable opportunity for the employee to cure such deficiency. 29 C.F.R. § 825.305(d); *Sorrell v. Rinker Materials Corp.*, 395 F.3d 332, 337 (6th Cir. 2005). Section 825.305(d) provides:

> § 825.305 When must an employee provide medical certification to support FMLA leave?

8

. . .

> (d) At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification. *The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency.*

29 C.F.R. § 825.305(d) (emphasis added).

Defendant's motion and Plaintiff's allegations require the court to consider whether § 825.305(d)'s duty applies to an employer when an employee fails to provide any certification at all within the 15 days provided for that employee to do so. The inquiry may be restated as whether the FMLA and its regulations require an employer to provide a reasonable opportunity to cure when the deficiency or "incompleteness" in the certification required by an employer under § 2613(a) is the failure by the employee to submit timely medical certification in the first place. *See Urban*, 393 F.3d at 574-75.

The Sixth Circuit has recently noted that "there is relatively little case law interpreting the term 'incomplete' as it is used in [29 C.F.R. § 825.305(d)]," but that some courts have equated the term with "inadequate." *Sorrell*, 395 F.3d at 338 (citing *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1209 n.12 (11th Cir. 2001) and *Baldwin-Love v. Elec. Data Sys. Corp.*, 307 F. Supp. 2d 1222, 1234 (M.D. Ala. 2004)). The Fifth Circuit, however, has recently considered this specific issue, concluding that § 825.305(d) applies only where the certification provided to the employer by the employee is incomplete or insufficient, and not in the case where an employee submits no timely certification. *Urban*, 393 F.3d at 576-77.

The facts in *Urban v. Dolgencorp of Texas*, are similar to the factual allegations underlying Plaintiff's allegations supporting her two FMLA counts. In *Urban*, the

9


plaintiff-employee, a store manager for Dollar General, requested FMLA leave and Dollar General informed her that she would need to provide medical certification from her physician to obtain approval.  *Id.* at 573.  Dollar General informed the employee of the deadline for providing such information and later granted her a 15-day extension (not required by the FMLA or its regulations).  *Id.* at 573, 575.  When the employee failed to provide any medical certification by the deadline, Dollar General advised her the she was being fired because she had exceeded her 30 days of non-FMLA leave provided by the company.  *Id.* at 573.

     The employee filed suit in Texas state court alleging that her termination was in contravention of the FMLA and the defendant removed the case to federal district court.  The plaintiff moved for summary judgment as to Dollar General's liability, which the district court granted.  The district court then certified the ruling for immediate appeal and the Fifth Circuit granted leave to appeal from the lower court's interlocutory order pursuant to 28 U.S.C. § 1292(b).  The Fifth Circuit stated the issue for interlocutory review as follows: "whether the relevant federal regulations require an employer to provide an employee the opportunity to cure a deficiency in an incomplete medical certification where the deficiency or incompleteness is, in fact, the failure to submit a medical certification in the first place."  *Id.* at 573.

     The employee, just as with Plaintiff, attributed the failure to provide the employer with the medical certification to a third-party medical professional.  According to the employee in *Urban*, like Plaintiff, the physician's office misplaced the medical certification form and the physician's office never faxed to the employer the certification as requested by the employee.  *Id.* at 575.  The parties did not dispute that the

employer had requested medical certification and had apprised the plaintiff of the consequences that would flow from failure to submit timely the certification. *Id.* at 574. The sole issue was "whether the curing provision found in § 825.305(d) applies in the instance where an employee fails to submit a medical certification to the employer altogether." *Id.* at 575.

Because the employee failed to submit any documentation by the medical certification deadline and § 825.305(d) did not create a legal obligation for the employer to notify the employee that it had not received any certification, the Fifth Circuit reversed the district court's grant of summary judgment in favor of the employee. The *Urban* court relied on the language of the regulation, analogized to a decision by the Seventh Circuit, and detailed certain policy considerations, concluding that neither the statute nor its regulations require an employer to provide notice and a 15-day period to cure when an employee fails to file any medical certification timely. It explained:

> It is undisputed that Urban failed to submit documentation of any kind to Dollar General within the specified deadline. Moreover, neither party argues that Dollar General did not properly notify Urban of the deadline or of the consequences in the event she failed to submit the required information. . . . Dollar General, meanwhile, cites the Seventh Circuit's decision in *Rager v. Dade Behring, Inc.,* 210 F.3d 776 (7th Cir. 2000), as providing this Court with the proper guidance. In *Rager,* the employee reported her need to take leave on December 15, 1997, for an impending surgery to take place one week later on December 22. *Id.* at 777. The employer notified the employee that she might be eligible for leave under the FMLA, but that in order to receive such leave she would have to submit a medical certification within three weeks (one week longer than the minimum requirement as set forth in 29 C.F.R. § 825.305(b)). *Id.* at 778. Thereafter, on December 23, 1997, the day after the surgery, the employer again sent a letter requesting that the employee submit medical certification, restating that the deadline for doing so was January 12, 1998. *Id.* Approximately one week later, the employer, still not having received the certification, sent the employee a "Certification of Health Care Provider" form, followed two days later by another letter reiterating the deadline for her to complete and submit the requested documentation. *Id.*

> The deadline passed without the employee responding, and she was subsequently fired. *Id.*
>
> The district court determined that the employer did not violate the FMLA by terminating the employee, and the Seventh Circuit affirmed. The Seventh Circuit concluded that the employee had been informed of the requirement to submit the appropriate medical certification, was notified of the consequences associated with her failure to do so, and was given the minimum 15-day period in which to provide that information. *Id.* Similarly, in the instant case, Urban was notified by Dollar General that she was required to submit the medical certification, and she was made aware of the consequences in the event she failed to comply. Also like the plaintiff in *Rager,* Urban was given more than the 15-day period to provide the necessary documentation, and in fact, received an extension from Dollar General in order to do so.

*Id.* at 576.

With regard to policy considerations, the Fifth Circuit first noted that the stated purpose of Congress in passing the FMLA was to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons" in a way "that accommodates the legitimate interests of employers." *Id.* at 576 (quoting 29 U.S.C. §§ 2601(b)(1)-(3)). It further noted:

> Recognizing the balance Congress intended to strike, it would seem illogical to require an employer to continually notify an employee who failed to submit medical certification within a specified deadline.
>
> Were this Court to adopt Urban's proposed application of § 825.305(d), an employer could never set a real deadline for the return of a medical certification. In effect, whenever an employee failed to return a medical certification within the appropriate time period, the employer would be required to notify the employee of that fact and provide the employee with an opportunity to cure the deficiency by allowing the employee to submit the certification within a new, extended deadline--a scenario that could, in theory, repeat itself *ad infinitum.* The bottom line, therefore, would be that the concept of a "deadline" under § 825.305(d) would have no meaningful significance and no actual consequences. This would, in effect, create an imbalance where the "legitimate interests of employers" no longer receive

12

>the protections that Congress presumably intended to provide when it enacted the FMLA.

*Id.* at 577.

This court finds the reasoning in *Urban* persuasive and notes that the plain language of the regulation itself applies when an employer "finds a certification incomplete." 29 C.F.R. § 825.305(d). Webster's Collegiate Dictionary defines "incomplete" to mean "not complete," "unfinished," or "lacking a part." *Webster's Collegiate Dictionary* 588 (10th ed., 1999). If "a certification" is not timely provided by an employee requesting FMLA leave, there is no certification for the employer to find incomplete, inadequate, unfinished, or lacking a part. The insufficiency of the certification may be discovered or revealed only after the employer receives and reviews the medical certification that it legally is entitled to request under § 2613(a). An employer has no duty under the FMLA to provide notice and an additional 15-day period to cure when an employee fails to provide timely certification in the first instance.[4]

Because Plaintiff's allegations giving rise to both of her FMLA counts rely on SBC's alleged failure to provide her notice that her "medical certification was insufficient or missing" or with "a reasonable time not less than 15 days, to produce a sufficient certification," her amended complaint fails to state a claim upon which relief can be granted. (Pl.'s Amend. Compl. at ¶ 14.) Plaintiff admits in her complaint that she was

---

[4] The plain meaning of the 29 C.F.R. § 825.305(d) does not alter the balance between employers' legitimate interests and the needs of employees to take leave for legitimate medical reasons in such a way as *to require* an employer to give *an additional* 15-day extension when an employee fails to follow up and ensure timely production of the medical certification. While the regulation requires an employer to give notice of an insufficiency in the certification once provided by the employee, nothing in the regulation or the statute suggests an intent to alleviate the employee's burden of presenting medical certification from his treating medical professional.

13

provided a form to establish the required medical certification and that she had fifteen days to return the form. (*Id.* at ¶ 12.) Plaintiff also acknowledges that the medical certification was not timely filed because of an error by her son's physician's office. (*Id.* at ¶ 13.) Her complaint does not allege that Defendant failed to apprise her of the consequences of failing to timely return the required medical certification. Moreover, Plaintiff concedes that the law supports Defendant's motion. (Pl.'s Resp. at 1.)

A plain reading of Plaintiff's amended complaint shows that both counts relate to her request for FMLA leave from October 29, 2002 to November 1, 2002, (*Id.* at ¶¶ 21, 24), and both fail to state a claim. First, Plaintiff alleges that SBC's denial of her application for FMLA leave interfered with her FMLA rights. To establish interference with substantive rights under the FMLA, a plaintiff must prove by a preponderance of the evidence that: (1) he was an eligible employee; (2) the employer was covered by the Act; (2) he was entitled to leave under the Act; (4) he gave notice of his intent to take leave as required by the Act; and (5) he was improperly denied benefits under the Act. *Sorrell*, 395 F.3d at 335. Plaintiff's claim that she was *improperly* denied FMLA leave, however, rises or falls with her allegation that her employer had an obligation under the Act to inform her that it had received no timely medical certification. Because, on Plaintiff's allegations, SBC did not have such a duty as a matter of law, she cannot prevail on this theory.

Second, with regard to retaliation under the FMLA, Plaintiff alleges that "[a] determining factor in Defendant's decision to terminate Plaintiff's employment was relation for Plaintiff's legitimate claims for FMLA leave." (Pl.'s Amend. Compl.) The legitimacy of her claims for FMLA leave referenced in her complaint also turn on

whether she was improperly denied FMLA leave. To establish a prima facie case of retaliation under the FMLA, Plaintiff must establish: (1) that he engaged in a statutorily protected activity; (2) that the employer knew of his protected activity; (3) that he suffered an adverse employment action; and (3) that a causal connection existed between his protected activity and the adverse employment action. *Skrjanc v. Great Lakes Power Serv., Co.*, 272 F.3d 309, 314 (6th Cir. 2001). The only protected activity of which Plaintiff complains of in her complaint, however, is the very FMLA leave that, by her own allegations, was not improperly denied because she acknowledges that the medical certification was not submitted timely with the 15-day period provided by Defendant. (*See* Pl.'s Amend. Compl. at ¶¶ 12, 13.)

### B.  Plaintiff's Motion to Amend

As a threshold matter, Plaintiff's proposed amended complaint fails to establish a specific basis that would trigger federal court jurisdiction over her proposed state law estoppel claims. (*See* Pl.'s Mot. to Amend. Ex. 1 at ¶¶ 1-3.) Because her first amended complaint fails to state a claim for relief under the FMLA, the court's federal question jurisdiction under 28 U.S.C. § 1331 is nonexistent. In addition, Plaintiff's proposed amended complaint fails to allege whether complete diversity of citizenship exists between the parties and whether she could satisfy the amount in controversy requirement of 28 U.S.C. § 1332. Plaintiff has not satisfied her burden to establish a basis for this court's jurisdiction. *See Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988) ("Ordinarily, the burden of proof in establishing subject matter jurisdiction is on the party asserting jurisdiction."); *Nichols v. All Points Transport Corp. of Michigan, Inc.*, 364 F.Supp.2d 621, 626 (E.D. Mich. 2005). As explained

below, however, even when assuming federal subject matter jurisdiction, Plaintiff's proposed amended estoppel claims would be futile.

Although Federal Rule of Civil Procedure employs a liberal standard providing that leave to amend "shall be freely given when justice so requires," amendment will not be permitted when it would be futile. Fed. R. Civ. P. 15(a); *Hahn v. Star Bank*, 190 F.3d 708, 715-16 (6th Cir. 1999). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, State of Michigan,* 987 F.2d 376, 382-83 (6th Cir.1993)); *see also Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986) ("it is well settled law that the district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss").

Plaintiff's proposed amended complaint comprises one count based on promissory or equitable estoppel. Plaintiff cites *Bala v. Jacobson Stores Inc.*, No. 99-10482, 2001 WL 1543503 (E.D. Mich. Nov. 27, 2001) as support for her argument that other courts have permitted state law promissory estoppel claims related to FMLA benefits.

The court, however, finds that Plaintiff's proposed amendment would be futile. To establish a claim for promissory estoppel under Michigan law, the plaintiff must prove: "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance of that nature, and (4) in circumstances such that the promise must be enforced if injustice is to be avoided." *Joerger v. Gordon Food*

*Service, Inc.*, 568 N.W.2d 365, 368-69 (Mich. Ct. App. 1997).  A promissory estoppel theory allows for recovery only when no contract exists.  *Advanced Plastic Corp. v. White Consol. Indus., Inc.*, 828 F. Supp. 484, 491 (E.D. Mich. 1993); *see also Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.,* 96 F.3d 174, 181 (6th Cir. 1996) (Michigan law also provides that "[w]here the parties have an enforceable contract and merely dispute its terms, scope, or effect, one party cannot recover for promissory estoppel[.]").  The court in *Bala* recognized that promissory estoppel may be invoked to trigger recovery only when no contract exits.  *Bala*, 2001 WL 1543503, at *10.  There existed no contract between the defendant and the plaintiff in *Bala* (a manager for Jacobson's department store).  Indeed, the defendant Jacobson Stores, Inc. argued that no contract existed because the plaintiff was an at-will employee.  *Id.* at *9.

In the this case, Plaintiff does not dispute that she was represented by the Communications Workers of America (the "Union") and that her employment with Defendant was governed by a collective bargaining agreement negotiated between the Union and SBC.  (*See* Def.'s 07/07/05 Reply ate Ex. 1 (grievance filed by Union on behalf of Plaintiff).).  Accordingly, unlike the plaintiff in *Bala*, Plaintiff's employment and leave entitlements are governed by a contract and her promissory estoppel could not withstand a Rule 12(b)(6) motion.

Moreover, her purely state law promissory or equitable estoppel claim would be preempted by Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185(a).  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985).  Section 301 of the Labor Management Relations Act provides that "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry

17

affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a).  The Supreme Court has determined that this language requires federal preemption "of state law based actions . . . [when those actions are] inextricably intertwined with consideration of the terms of [a] labor contract."  *Jones v. General Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991) (citing *Allis-Chalmers Corp.*, 471 U.S. at 213).  The Supreme Court's broad interpretation of § 301 is justified by Congressional policy favoring a uniform federal labor law.  *Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir. 2004).

> [T]he subject matter of Section 301(a) is peculiarly one that calls for uniform law . . . .  The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements . . . .  The importance of the area which would be affected by separate systems of substantive law makes the need for a single body of federal law particularly compelling.  The ordering and adjusting of competing interests through a process of free and voluntary collective bargaining is the keystone of the federal scheme to promote industrial peace.  State law which frustrates the effort of Congress to stimulate the smooth functioning of that process thus strikes at the very core of federal labor policy.

*Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103-04 (1962); *Mattis*, 355 F.3d at 905.  "Given th[is] importance of maintaining uniform federal law, the Supreme Court 'has made clear that § 301 of the LMRA preempts any state-law claim arising from a breach of a collective bargaining agreement.'"  *Mattis*, 355 F.3d at 905 (quoting *Smolarek v. Chrysler Corp.,* 879 F.2d 1326, 1329 (6th Cir.1989) (en banc)).

Plaintiff does not dispute that her leave entitlement and allegedly improper discharge would be governed by the "for cause" provision contained in the governing CBA.  As such, the state law estoppel claims that Plaintiff seeks to assert in her amended complaint would be futile because they would be preempted by § 301.  Her

state law estoppel claims are based on issues that are inextricably intertwined with the terms of a labor contract and they are substantially dependent on analysis of the controlling CBA.  *See Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 801 (6th Cir. 1990) (finding breach of contract and promissory estoppel claim preempted by federal labor law); *Kurincic v. Stein, Inc.*, 30 Fed. App'x 420 (6th Cir. 2002) (same).  Furthermore, Plaintiff has not sought leave to add a federal claim for breach of the CBA (as a "hybrid" § 301/ Duty of Fair Representation claim).  *See Bauer v. RBX Industries, Inc.*, 368 F.3d 569, 578 (6th Cir. 2004)*.*

### IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)" [Dkt. # 7] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Amend Complaint Pursuant to FRCP, Rule 15(A)" [Dkt. # 13] is DENIED.


      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Teets  
      Case Manager and Deputy Clerk  
      (313) 234-5522